**LEWIS BRISBOIS BISGAARD & SMITH LLP**

RICHARD K. GLAUSER, SB# 4324
        Richard.Glauser@lewisbrisbois.com
DAVID A. GLAUSER, SB# 16459
        David.Glauser@lewisbrisbois.com
1218 East 7800 South, Suite 300
Sandy, Utah 84094
Telephone: 801.562.5555
Facsimile: 801.562.5510

*Attorneys for Defendant The Daily Caller*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| DR. LEAH N. TORRES,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE WESTERN JOURNAL, LLC;<br>LIFTABLE MEDIA, INC.; and THE DAILY<br>CALLER, INC.,<br><br>                Defendants. | **ANSWER OF DEFENDANT**<br>**THE DAILY CALLER, INC.**<br><br><br>CIVIL NO. 2:19-CV-175-EJF |

Defendant, The Daily Caller, Inc., by and through its counsel of record, Richard K.
Glauser and David A. Glauser of Lewis Brisbois Bisgaard & Smith, LLP., answers the Plaintiff's
Complaint, and admits, denies and alleges as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which
relief can be granted.

## SECOND DEFENSE

Defendant responds to each numbered paragraph of Plaintiff's complaint as follows:

1.      Responding to paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies the same.

2.      Responding to paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 2 and therefore denies the same.

3.      Responding to paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore denies the same.

4.      Responding to paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

5.      Responding to paragraph 5 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

6.      Responding to paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

7.      Responding to paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

8.      Responding to paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

9.      Responding to paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

10.      Responding to paragraph 10 of Plaintiff's Complaint, Defendant is without

sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies the same.

11.     Responding to paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 11 and therefore denies the same.

12.     Responding to paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

13.     Responding to paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 13 and therefore denies the same.

14.     Responding to paragraph 14 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 14 and therefore denies the same.

15.     Responding to paragraph 15 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

16.     Responding to paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 16 and therefore denies the same.

17.     Responding to paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 17 and therefore denies the same.

18.     Responding to paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 18 and therefore denies the same.

19.     Responding to paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 19 and therefore denies the same.

20.     Responding to paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 20 and therefore denies the same.

21.     Responding to paragraph 21 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

22.     Responding to paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

23 - 31.     Responding to paragraphs 23-31 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of those paragraphs and therefore denies the same.

32.     Responding to paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

33.     Responding to paragraph 33 of Plaintiff's Complaint, Defendant admits and asserts that its article speaks for itself and that this Defendant was quoting a reputable source on an issue of public concern and debate and otherwise denies the remaining allegations of paragraph 33.

34.     Responding to paragraph 34 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 34 and therefore denies the same.

35.     Responding to paragraph 35 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of

paragraph 35 and therefore denies the same.

36.     Responding to paragraph 36 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

37.     Responding to paragraph 37 of Plaintiff's Complaint, Defendant asserts that the statute speaks for itself and further notes that the statute does not apply to abortion situations and is not applicable here and otherwise denies the remaining allegations of paragraph 37.

38-59.     Responding to paragraph 38-59 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 38-59 and therefore denies the same.

60.     Responding to paragraph 60 of Plaintiff's Complaint, Defendant hereby incorporates the above paragraphs set forth above as if fully set forth herein.

61.     Responding to paragraph 61 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

62.     Responding to paragraph 62 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

63.     Responding to paragraph 63 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 63 and therefore denies the same.

64.     Responding to paragraph 64 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 64 and therefore denies the same.

65 - 77.     Responding to paragraphs 65-77 of Plaintiff's Complaint, Defendant denies the allegations contained in those paragraphs.

78.     Responding to paragraph 78 of Plaintiff's Complaint, Defendant hereby

incorporates the above paragraphs as if fully set forth herein.

79 - 83.       Responding to paragraphs 79-83 of Plaintiff's Complaint, Defendant denies the allegations contained in those paragraphs.

84.       Responding to paragraph 84 of Plaintiff's Complaint, Defendant hereby incorporates the above paragraphs as if fully set forth herein.

85 – 87.       Responding to paragraphs 85-87 of Plaintiff's Complaint, defendant denies the allegations contained in those paragraphs.

88.       Responding to paragraph 88 of Plaintiff's Complaint, Defendant hereby incorporates the above paragraphs as if fully set forth herein.

89 – 94.       Responding to paragraphs 89-94 of Plaintiff's Complaint, Defendant denies the allegations contained in those paragraphs.

95.       Responding to paragraphs 95 of Plaintiff's Complaint, Defendant asserts that plaintiff's jury demand speaks for itself and is subject to all applicable rules and other laws applicable to this case.

### THIRD DEFENSE

As an affirmative defense, the Defendant alleges that to the extent Plaintiff was negligent and/or at fault, Plaintiff's recovery under Utah's Comparative Negligence/Fault Law is barred or diminished according to her proportion of fault.

### FOURTH DEFENSE

As a further, separate and affirmative defense, Defendant alleges that to the extent Plaintiff has failed to reasonably mitigate her damages, her claims are barred.

### FIFTH DEFENSE

As a further, separate and affirmative defense, Defendant alleges that to the extent the

events and injuries complained of by the Plaintiff was caused by third persons, events or conditions, not within the control or supervision of this Defendant this Defendant is entitled to have the jury apportion the fault of such others pursuant to Utah Code Ann. § 78-27-39 and this Defendant can only answer for this Defendant's proportionate share of fault.

## SIXTH DEFENSE

Defendant denies each and every allegation of Plaintiffs' Complaint not heretofore expressly admitted, qualified, or denied.

## SEVENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts there is no basis for plaintiff's claims for attorney's fees and such claims should be dismissed.

## EIGHTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts this is not  a personal injury case and plaintiff cannot recover for bodily injuries as alleged.

## NINTH DEFENSE

As a further, separate and affirmative defense, defendant asserts that any and all actions taken by this defendant are protected by the First Amendment to the United States Constitution guaranteeing this defendant freedom of speech and freedom of the press.

## TENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that any and all actions taken by this defendant are protected by, and plaintiff's suit is contrary to, the Constitution of the State of Utah, Article 1, Section 1, allowing citizens to freely communicate their thoughts and opinions.

## ELEVENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that defendant's actions

are protected by and that plaintiff's action is contrary to the Constitution of the State of Utah Section 15, which prohibits the abridging and restraining of freedom of speech and freedom of the press.

## TWELFTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that plaintiff is a public figure and has purposely injected her opinions into a public and controversial topic and that all of the actions of this defendant are privileged as fair comment on matters of public interest pursuant to Freedom of Speech and of the Press guaranteed by the United States and Utah Constitutions.

## THIRTEENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that at no time did it act in any malicious manner or with knowledge of the falsity of any statement or with reckless disregard thereof and therefore plaintiff has no valid claim against this defendant.

## FOURTEENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that it relied upon reasonable inferences from plaintiff's statement and therefore, plaintiff's action lacks merit.

## FIFTEENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that it is entitled to express opinions on matters contained in plaintiff's complaint and that those opinions are not actionable on the part of plaintiff.

## SIXTEENTH DEFENSE

As a further, separate and affirmative defense, Defendant asserts that it relied upon known and reputable sources and therefore did not act with maliciousness or recklessness and that plaintiff's claims are therefore barred.

### SEVENTEENTH DEFENSE

As a further, separate and additional defense, Defendant states that all actions taken by this defendant were in furtherance of legitimate business interests and not in any way motivated to intentionally injure Plaintiff.

### EIGHTH DEFENSE

As a further, separate and additional defense, Defendant states that no conduct engaged in by this defendant was legally outrageous given rise to any claim for intentional infliction of emotional distress.

### NINETEENTH DEFENSE

As a further, separate and additional defense, Defendant asserts that plaintiff by her own actions had no reasonable expectation of privacy but intentionally generated attention on a controversial and emotional public issue and knew or should have known she would inject herself into such issues.

### TWENTIETH DEFENSE

As a further, separate and additional defense, Defendant asserts that it never engaged in any illegal or improper means as defined by law, thus barring plaintiff's claims.

### TWENTY-FIRST DEFENSE

As a further, separate and additional defense, Defendant states that it has, or may have, further and additional affirmative defenses which are not yet known to Defendant but which may become known through future discovery.  Defendant asserts each and every affirmative defense as it may be ascertained through future discovery herein and reserves the right to amend this answer.

WHEREFORE, having fully answered Plaintiffs' Complaint, this Defendant prays that the same be dismissed and that this Defendant recovers its costs of court incurred herein and

attorneys fees if determined appropriate and such other and further relief as the Court deems just and equitable.

DATED: May 16, 2019.                    **LEWIS BRISBOIS BISGAARD & SMITH** LLP


By:  _____ */s/ Richard K. Glauser* _____
          RICHARD K. GLAUSER
          DAVID A. GLAUSER
          Attorneys for Defendant The Daily Caller, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically served the foregoing document through the court's e-filing system this 16th day of May, 2019, which sent a true and correct copy of the foregoing to the following:

Erin E. Byington
Samuel A. Goble
BYINGTON & GOBLE, PLLC
130 SouthMain, #120
Logan, Utah 84321
Erin@byingtongoble.com
sam@nbyingtongoble.com
*Attorneys for Plaintiff*


_____ *R. Thraen*